UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| NASIR FINNEMEN, | HONORABLE KAREN M. WILLIAMS |
| Plaintiff, | |
| v. | No. 23-13479 (KMW-SAK) |
| JOESEPH COLLING, et al., | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

This matter comes before the Court *sua sponte* in connection with the Complaint and Application to Proceed *In Forma Pauperis* of Plaintiff Nasir Finnemen. Previously, the Court granted Plaintiff's *in forma pauperis* Application. (ECF No. 3). Thus, the Court is now required to screen the Complaint pursuant to 28 U.S.C. §1915(e)(2)(B), and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant. For the reasons set forth below, Plaintiffs' Complaint is dismissed for failing to state a claim.

1) Plaintiff, proceeding *pro se*, brings this action against Defendants Joseph Colling, "Joann," and various John and Jane Does who work at the U.S. Post Offices at 1801 Atlantic Avenue and 800 Absecon Boulevard in Atlantic City, New Jersey. Plaintiff alleges that on August 7, 2023, he went to the U.S. Post Office on 1801 Atlantic Avenue and requested that his mail be held at that office because he believed that someone had been tampering with his mail. Pl.'s Compl. at III. C. From what can be ascertained from the Complaint, Plaintiff alleges that the clerk at the mail office, "Joann," denied his request and treated him poorly. *Id.* Plaintiff asserts the following injuries: stress, anger, worries, anxiety, depression, for which he takes acetaminophen. *Id.* at IV. Plaintiff wants "the courts to find out the actual reasons why I . . . [am]

disliked & mistreated . . . as of being spoken to by individuals employed at work being aggressive as foul-talk remark, threats, demands, refusing my services with rules that don't apply at U.S. Postal Service . . . and will also like the courts to investigate & punish the cause of behavior with listed employees at work that's unnecessary action towards [me][.]"

2) While Plaintiff's Complaint asserts Federal Question jurisdiction, the Complaint does not indicate any federal statue under which Plaintiff seeks relief;

3) The Court finds that Plaintiff has failed to state a claim pursuant to Fed. R. Civ. P. Rule 8(a).[1] Thus, the Complaint does not state a claim upon which relief can be granted.

**IT IS THEREFORE** on this 29th day of November, 2023,

**ORDERED** that Plaintiffs' Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**; and

**FURTHER ORDERED** that Plaintiff is granted leave to amend his Complaint within 30 days of issuance of this order; and

**FURTHER ORDERED** that if Plaintiff does not amend his Complaint within 30 days, the Clerk is directed to close the case without further Order from the Court; and

**FURTHER ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

Hon. Karen M. Williams,
United States District Judge

---

[1] Rule 8(a) provides, in pertinent part:
Claim for Relief. A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

2